UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARKANY ASSET RECOVERY                                      MEMORANDUM
AND MANAGEMENT LLC,                                         AND ORDER
                    Plaintiff,
          - against -                                       14-CV-2602 (RJD) (JO)
MARINA DISTRICT
DEVELOPMENT CO, LLC,
                    Defendant.
----------------------------------------------------------X

JAMES ORENSTEIN, Magistrate Judge:

      This case has been automatically stayed as a result of the filing of an involuntary bankruptcy petition against the plaintiff. See Order dated July 16, 2014; 11 U.S.C. § 362. The Trustee appointed in that bankruptcy proceeding now seeks leave to file a motion to intervene in this action so that he may remove it to the bankruptcy court. Docket Entry ("DE") 17. The plaintiff consents to the proposed intervention and the defendant opposes it. *See* DE 18; DE 19. As briefly explained below, I grant the request.

      The defendant opposes the request for two reasons. First, it contends that as a result of the automatic stay, "'proceedings against the debtor are void *ab initio*.'" DE 19 at 1 (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d Cir. 1992)). The observation is a non-sequitur as neither the instant case nor the Trustee's motion involves a proceeding against a debtor; to the contrary, the proceeding is against the plaintiff's creditor. Moreover, a ruling that the Trustee must wait for the stay to expire before seeking to remove the case to the bankruptcy court would effectively deprive the Trustee of the right to seek such relief at all.

      Second, the defendant contends that the proposed intervention would be futile because the Trustee cannot state a claim for relief. While "futility is a proper basis for denying a motion to intervene[,]"*Plumbers' & Pipefitters' Local No. 562 Supp. Plan & Trust v. J.P. Morgan Acceptance Corp. I*, 2011 WL 6182090, at *1 (E.D.N.Y. Dec. 13, 2011) (quoting *In re Merrill Lynch & Co., Inc. Research Reports Secs.*

*Litig.*, 2008 WL 2594819, *5 (S.D.N.Y. Jun. 26, 2008)), the argument is premature in the absence of the Trustee's proposed pleading.

For the reasons set forth above, I grant the Trustee's request to file a motion to intervene, supported by a proposed pleading, pursuant to Federal Rule of Civil Procedure 24. I direct the Trustee and the parties to confer and, if they remain in dispute on the request to intervene, submit a jointly proposed briefing schedule by August 10, 2015.

SO ORDERED.

Dated: Brooklyn, New York
August 3, 2015

                                                       /s/
JAMES ORENSTEIN
U.S. Magistrate Judge